IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00612-RBJ

PARVINDER SINGH,

   Petitioner,

v.

JUAN BALTAZAR, TODD LYONS,
MARKWAYNE MULLIN,[1]PAM BONDI,
in their official capacities,

   Respondents.

---

**ORDER**

---

Before the Court is the petitioner's Verified Petition for a Writ of Habeas Corpus (Petition), ECF No. 1, and Motion for Temporary Restraining Order and Order to Show Case Re: Preliminary Injunction, ECF No. 2.  Among other relief, petitioner seeks an order requiring respondents to order his release from detention."[2]

ECF No. 1 at 14.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Markwayne Millin has automatically been substituted as a party in his official capacity as the Secretary of the Department of Homeland Security.

[2] Pursuant to its inherent authority under the All Writs Act, 28 U.S.C. § 1651, this Court previously ordered that respondents shall not transfer petitioner away from the District of Colorado or remove him from the United States until the termination of this case.  ECF No. 6.  That Order remains in effect.

1

The issue in this case is whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). If it is the former, as respondents contend, petitioner's detention is mandatory. If the latter provision controls, as petitioner argues, than he is entitled to a bond hearing before an Immigration Judge.

Although respondents filed a brief in opposition, they recognize that this case "is not materially different" from the others this Court has decided raising this precise issue. ECF No. 9 at 2 (citing this Court's decision in *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ, ECF No. 21 (D. Colo. Oct. 31, 2025)).

The Court has concluded, now many times over, that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, entered the country without inspection and are not subject to expedited removal. *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full. *See, e.g.*, *Espinoza Ruiz v. Baltazar*, 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full"

and "adopt[ing]" its reasoning outlined in a previous case).  The Court is aware of and has read the split decisions from the Fifth and now Eighth Circuits adopting respondents' interpretation of the relevant statutory provisions, but remains unpersuaded.  *See Buenrostro v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, ---F.4th---, 2026 WL 819258 (8th Cir. Mar. 25, 2026).  Instead, the Court respectfully agrees with the dissenting judge in *Beunrostro* that the majority's reading of § 1225(b)(2)(A) is inconsistent with "the statutory definition of 'admission,' the provision's context, the Supreme Court's understanding of the statutory scheme, and the whole history of American immigration law." 2026 WL 323330 at *11 (Douglas, J., dissenting).  The dissenting judge in *Avila* makes essentially the same points.  2026 WL 819258 at *7 (finding that majority's interpretation "is not supported by the plain meaning of 'seeking,' the context of the [Immigration and Nationality Act], or the history of the [Illegal Immigration Reform and Immigration Responsibility Act]") (Erikson, J., dissenting).

In any case, as respondents recognize, "until the Tenth Circuit rules on this issue," the Court's prior ruling on this issue would logically lead to the same result here.  ECF No. 9 at 3.  Because the Court grants the Petition on the statutory grounds (Count Three), it does not reach petitioner's constitutional claims (Counts One, Two, and Four).  *See Leyva Ramirez v. Baltasar*, 26-cv-00199-NYW, 2026 WL 318989,

at *3-4 (D. Colo. Feb. 6, 2026).  Furthermore, because the legal claims and relief sought in Mr. Singh's Motion is coextensive with the Petition, the Motion is respectfully denied as moot.  *Loa Caballero v. Baltazar*, 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025).

The Court now turns to the appropriate relief.  In prior decisions, this Court has ordered that the noncitizen should receive a prompt bond hearing before an Immigration Judge.  *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same).  However, under the circumstances presented in this case, immediate release is warranted.

Unlike a case where the noncitizen has never encountered immigration authorities before their arrest and detention, this petitioner was previously released on his own recognizance by U.S. Immigration and Customs Enforcement (ICE) during removal proceedings.  *See* ECF No. 1 at ¶ 1.  Respondents do not dispute that petitioner fully complied with the terms of his supervised release for over nearly two years before he was suddenly rearrested and detained by ICE on December 23, 2025. *Id.* at ¶ 25.  Nor do respondents claim that there has been any change in the posture of his immigration case.  *Id.*

Petitioner's release on his own recognizance in 2023 was a determination by ICE that he does not represent a danger to the community or a flight risk.  *Singh v.*

4

*Baltazar*, ---F.Supp.3d----, No. 1:26-cv-00336-CNS, 2026 WL 352870, at * 3 (D. Colo. Feb. 9, 2026).   ICE's decision to rearrest him and detain in 2025 does not reflect a change in that assessment—nor could it, as nothing material has changed. Instead, ICE revoked his release pursuant to its unlawful policy of treating all noncitizens present in the country without lawful admission as subject to mandatory detention under § 1225.   *See Lopez Benitez v. Francis*, 795 F.Supp.3d 475, 482 (S.D.N.Y. 2025); *Rodriguez v. Bostock*, 802 F.Supp.3d 1297, 1303 (W.D. Wash. 2025) (describing the federal government's adoption of this new policy).   Ordering a bond hearing would not restore petitioner to the status quo *ex ante*.   Rather, it would leave him worse off as he would face the prospect of continued detention or release under more onerous conditions than before.

Under these circumstances, the appropriate remedy is restortation of petitioner's release on his own recognizance.   *See, e.g.*, *Kumar v Baltazar*, No. 26-cv-00254-RMR, 2026 WL 642888, at *3 (D. Colo. Mar. 6, 2026); *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025); *Lopez Benitez*, 795 F.Supp.3d at 498.   ICE may impose the same conditions on that release but no additional or modified conditions or bond.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED.   Respondents SHALL release petitioner from detention within 48 hours of this Order.

2. Respondents SHALL NOT impose additional release conditions other than those that petitioner was subject to prior to his December 23, 2025 arrest.

3. The government SHALL NOT continue to detain the petitioner under 8 C.F.R. § 1003.19(i)(2), on the grounds that it is administratively appealing petitioner's eligibility for release under 8 U.S.C. § 1226(a).

4. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

5. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: March 26, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge